# United States District Court
# District of Massachusetts

DENISE W. JENKINS,
      Plaintiff,

    v.                          CIVIL ACTION NO. 10-10992-RBC

FRANCISCAN HOSPITAL
      FOR CHILDREN, ETC.,
          Defendant.

## *MEMORANDUM*

COLLINGS, U.S.M.J.

The Court enters this Memorandum with respect to the grant of summary judgment on plaintiff's contract claim (Count III) by electronic order entered November 19, 2012.

The First Circuit has written:

> In Massachusetts, employment is presumed to be at-will unless there exists an express or implied contract governing its terms and conditions. *Hinchey v. NYNEX Corp.*, 144 F.3d 134, 141 (1st Cir.1998)....

> The Massachusetts Supreme Judicial Court has

held that there is no implied contract based on the terms of a personnel manual where: (1) the employer retained the right to unilaterally modify terms; (2) the terms of the manual were not negotiated; (3) the manual stated that it provided only guidance regarding the employer's policies; (4) no term of employment was specified in the manual; and (5) the employee did not sign the manual to manifest assent. *Jackson v. Action for Boston Cmty. Dev., Inc.*, 403 Mass. 8, 525 N.E.2d 411, 415–16 (1988). There is no 'rigid list of prerequisites, but rather ... factors that would make a difference or might make a difference in deciding whether the terms of a personnel manual were at least impliedly part of an employment contract.' *O'Brien [v. New England Telephone & Telegraph Company]*, [422 Mass. 686,] 664 N.E.2d [843] at 847 [(1996)]; *see also LeMaitre v. Mass. Tpk. Auth.*, 452 Mass. 753, 897 N.E.2d 1218, 1218–19 (2008) (finding enforceable an incentive program described in employee handbook and clarifying that the case did not raise claim that handbook modified at-will status of a dismissed employee).

*Day v. Staples, Inc.*, 555 F.3d 42, 58-59 (1 Cir., 2009) (footnote omitted).

In this case, the letter extending the plaintiff an offer of employment which was signed by Jenkins states, *inter alia*, 1.) "This letter contains all the terms of employment; no prior oral or written representations or agreements shall be of any force and effect.  Any additions or modifications to this offer or the terms of your employment must be agreed to in writing and signed by both of us;" 2.) "You will receive a copy of the Hospital's Code of Conduct that

2

describes in general terms the major hospital policies that affect all employees;"
3.) Hospital "policies and procedures are not intended to provide any specific
rights to you, other than those rights conferred upon you by state and federal
laws. Management reserves the right to change these policies and procedures
from time to time without prior notice and to deviate from procedures set forth
in these policies when management determines, in good faith, that such
deviation would be legal and it is in the best interest of the Hospital to do so;"
and 4.) "Your employment at the Hospital will be at will, and may be
terminated by either of us without cause upon two weeks notice." (#57, Exh.
F) Further, by its terms, "[t]he Rules of Conduct [including disciplinary action]
are subject to change at any time by Management without prior notice." (#51,
Exh. C). No evidence has been submitted to show that these terms were
negotiated or that Jenkins signed the relevant policies. Considering all of the
relevant facts and circumstances, it was not objectively reasonable for Jenkins
to believe that the Hospital's policies created an enforceable contact. *See Joyal
v. Hasbro, Inc.*, 380 F.3d 14, 19 (1 Cir., 2004), *cert. denied*, 543 U.S. 1150
(2005); *Hinchey v. NYNEX Corp.*, 144 F.3d 134, 141-142 (1 Cir., 1998);
*Hillstrom v. Best Western TLC Hotel,* 265 F. Supp.2d 117, 128-129 (D. Mass.,

2003).

/s/ *Robert B. Collings*

ROBERT B. COLLINGS
United States Magistrate Judge

November 20, 2012.